**Lance RICOTTA, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY and Does 1 through 50, inclusive, Defendants.**

**Civ. No. 02–0659 K CGA.**

United States District Court, S.D. California.

Dec. 9, 2002.

Craig A. Miller, Levine, Steinberg, Miller and Huver, San Diego, CA, for plaintiff.

Ronald D. Getchey, Luce, Forward, Hamilton and Scripps, San Diego, CA, for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

AARON, United States Magistrate Judge.

Plaintiff Lance Ricotta seeks an order compelling Defendant Allstate Insurance Company to produce documents responsive to Request Nos. 10 and 11 of Plaintiff's Request for Production of Documents, Set One. The parties have submitted letter briefs to the Court.

Based upon the papers submitted by counsel and for the reasons set forth below, Plaintiff's motion to compel production of documents is hereby **DENIED**.

### I.

### BACKGROUND

Plaintiff filed a property damage claim with Defendant in October 2000, claiming infestation of his home by *poria incrassata,* a "devastating wood eating fungus." Pl.'s Brief at 2. Engineer Eugene Gershunov, of Earthquake Engineering, Inc. ("EEI"), inspected Plaintiff's home in November and December 2000 on behalf of Allstate. Pl.'s Brief at 2; Def.'s Brief at 3. Defendant denied Plaintiff's claim in January 2001 based upon the findings in Gershunov's report. Def.'s Brief at 3. Plaintiff alleges that Defendant's denial of Plaintiff's claim was unreasonable because Gershunov's report was "biased." Pl.'s Brief at 1. In or around July 2001, Plaintiff requested that Defendant reconsider its decision, and provided Defendant with a report, prepared at Plaintiff's request, by Engineering Design Group ("EDG") in March 2001. Def.'s Brief at 3. Defendant forwarded the EDG report to Gershunov/EEI, who determined that neither a

reinspection of Plaintiff's home, nor any amendment of their previous report, was necessary. Pl.'s Brief at 2; Def.'s Brief at 3.

## II.

## DISCUSSION

### A. Request for Production of Documents Nos. 10 and 11

Plaintiff's Request for Production of Documents No. 10 requests, "Every report Eugene M. Gershunov has prepared for you." Request No. 11 requests, "Every report Earthquake Engineering, Inc., has prepared for you." Defendant responded to both requests as follows:

Allstate objects to this request on the grounds that the request is vague and ambiguous, particularly as to the term "[e]very report." Allstate also objects to this request on the grounds that the request is over broad, unduly burdensome and oppressive as to time and subject. Allstate further objects to this request on the grounds that the request seeks documents that are not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Allstate objects to this request on the grounds and to the extent that the request seeks documents protected from disclosure by the attorney-client privilege and work product immunity. Allstate also objects to this request on the grounds and to the extent that it violates the right to privacy of Allstate's policy holders set forth in California Insurance Code § 791.13, Cal. Const. Art. 1 Sec. 1 and the United States Constitution. Without waiving the foregoing objections, Allstate responds as follows: Allstate has previously produced the non-privileged copy of its claim file and claim diary, pursuant to Federal Rules of Civil Procedure 26(a)(1), which included documents responsive to this request.

Allstate's Responses to Plaintiff's Request for Production of Documents, Set One, 10:18–11:4 and 11:8–22.

### B. Guebara v. Allstate

Plaintiff cites to *Guebara v. Allstate Ins. Co.*, 237 F.3d 987 (2001), in contending that it is incumbent upon a plaintiff in a bad faith lawsuit to fully investigate expert bias. Pl.'s Brief at 3. According to *Guebara*, a bad faith claim can be dismissed on summary judgment if the insurer can show that there was a "genuine dispute" as to coverage. *Guebara*, 237 F.3d at 992. The "genuine dispute" doctrine may be applied when an insurer denies a claim based on the opinions of its experts. *Id.* at 993. In some cases, "investigations by a[n] [insurer's] independent experts will permit the invocation of the doctrine and summary judgment for the [insurer] on a bad faith claim." *Id.* at 994.

*Guebara*, however, does not eliminate bad faith claims based on an insurer's allegedly *biased* investigation. *Id.* at 996. The court in *Guebara* stated:

Although this list is not exhaustive, we can think of several circumstances where biased investigation claims could go to a jury: (1) the insurer is guilty of misrepresenting the nature of the investigatory proceedings (citation omitted); (2) the insurer's employees lie during the depositions or to the insured; (3) *the insurer dishonestly selected its experts;* (4) *the insurer's experts were unreasonable;* and (5) the insurer failed to conduct a thorough investigation.

*Id.* (emphasis added).

Plaintiff argues that Request Nos. 10 and 11 seek information relevant to this action in that the requests pertain to the third and fourth bias factors set forth in *Guebara*. Plaintiff contends that he is entitled to information about whether Defendant is a "large, valued and consistent client" of Gershunov/EEI, and whether the relationship between Defendant and Gershunov/EEI "depended upon a certain *quid pro quo;* i.e., favorable reports and untruthful testimony." Pl.'s Brief at 5.

### C. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26 [1] sets forth the permissible scope of discovery and

---

**1.** All Rule references herein refer to the Federal Rules of Civil Procedure.

limitations thereon. Under Rule 26, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. Proc. 26(b)(1). A court may limit discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. Proc. 26(b)(2)(iii).

Although this Court understands the need for Plaintiff to investigate any potential bias on Defendant's expert's part, this Court does not agree that obtaining *"every* report" prepared by Gershunov/EEI for Defendant will necessarily serve this purpose. Even assuming *arguendo* that Plaintiff is permitted to view every report he seeks, he still would not necessarily be able to prove that Defendant "dishonestly selected" Gershunov/EEI, or that Gershunov/EEI was "unreasonable." *See Guebara,* 237 F.3d at 996. This is because, as Defendant maintains, the key issue is not whether Gershunov/EEI's past reports were "favorable" to Defendant, but whether such reports were *accurate.* Def.'s Brief at 2. Without the benefit of the expert's corresponding background investigation materials, notes, photographs, etc., relating to the past reports, and without inspecting the actual structures at issue in the conditions they were in *at the time the past claims were made,* it would be very difficult, if not impossible, for Plaintiff to ascertain the *accuracy* of the past reports. Thus, the probative value of the requested reports is questionable.

Further, Plaintiff seeks *"every* report" Gershunov and EEI have ever prepared for Defendant. According to Defendant, this would require Defendant to hand-sort and manually review each and every claim file in its possession dating from 1987, when EEI was founded. Def.'s Brief at 6. Defendant estimates that it would have to examine 50,-000 claims files. *Id.* Despite Plaintiff's suggestion to the contrary, Defendant maintains that there are no databases or comprehensive files that contain all reports prepared for

Defendant by Gershunov/EEI. Def.'s Brief at 6.

Although a showing that all, or a vast majority, of Gershunov/EEI's past reports were "favorable" to Defendant *might* serve as an indication of *potential* bias, this Court believes that the burden and expense of requiring Defendant to respond to Plaintiff's Request Nos. 10 and 11 far outweigh the likely benefit. *See* Fed. R. Civ. Proc. 26(b)(2)(iii). This is particularly true in view of the fact that Plaintiff has provided absolutely *no* factual support for his allegation of bias on Gershunov/EEI's part; such allegation constitutes mere speculation at this point. Even if there were a less burdensome and less expensive way for Defendant to access and produce the requested reports, this Court believes the documents request would have only marginal probative value.[2]

## III.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel production of documents responsive to Request Nos. 10 and 11 of Plaintiff's Request for Production of Documents, Set One, is **DENIED.** Although the Court agrees with Plaintiff that it is necessary for him to investigate potential bias on Defendant's expert's part, Plaintiff must first pursue other avenues of discovery and make some showing of bias before the Court will consider granting requests as broad as those contained in Request Nos. 10 and 11.

**IT IS SO ORDERED.**

---

**2.** Because this Court finds that Plaintiff is not entitled to the requested discovery under Rule 26, this Court shall not address whether Plaintiff's requests violate the privacy rights of Defendant's policy holders under California Insurance

Code § 791, *et seq.,* or whether the requested documents are protected from disclosure pursuant to the attorney-client privilege or work product doctrine.